IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. CR-10-235-D |
|  | ) |  |
| DERRICK REUBEN SMITH, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

On March 30, 2011, the Court conducted a *James*[1] hearing to determine the admissibility of certain out-of-court statements to be offered by the government at trial as alleged coconspirator statements under Fed. R. Evid. 801(d)(2)(E). This hearing was prompted by the motion of Defendant Derrick Reuben Smith [Doc. No. 34],[2] but the government agreed that the Court should make a pretrial determination of the admissibility of certain coconspirator statements. At the conclusion of the government's evidentiary presentation and the arguments of counsel at the March 30 hearing, the Court directed the government to supplement its written submissions.[3] The government's supplement [Doc. No. 85] was timely filed on April 1, 2011.

The statements at issue are ones made by the alleged participants in the conspiracy charged in Count 1 of the Indictment, that is, a conspiracy to commit wire fraud in connection with residential real estate transactions, in violation of 18 U.S.C. § 1349. The alleged conspirators in

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979); *see United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).

[2] Defendants Michael Gipson and Trina Tahir filed similar motions [Doc. Nos. 47 & 55], but these motions became moot when Defendants Gipson and Tahir reached plea agreements with the government.

[3] The government's initial response [Doc. No. 50] identified several witnesses whose testimony might relate coconspirator statements, and described the general nature of these witnesses' testimony. Also, the government provided to the Court *in camera* shortly in advance of the hearing, copies of the FBI reports of the witnesses' interviews. These reports described generally the information provided by these witnesses.

Count 1 are Defendant, codefendants Michael Gipson and Trina Tahir, and three unnamed persons identified at the hearing: Conspirator 1 is Kurt Richichi; Conspirator 2 is Defendant's wife, Kim Rickey Smith; and Conspirator 3 is Aaron Dodson, principal of Dodson Custom Homes. The conspiracy involved the funding of residential mortgages on new homes built by Dodson in amounts greater than the offering price, and using false closing documents to conceal the distribution of the excess funds to participants in the transaction – the purported buyers, the real estate agency (owned by Ms. Tahir), the broker (Mr. Gipson) – and to Defendant, who knew Mr. Dodson and the purported buyers. Count 1 details two real estate transactions that employed this fraudulent scheme with regard to properties located in the Raintree Addition of Edmond, Oklahoma: 13400 Tahoe Drive; and 7409 N.E. 133rd Street. With regard to the first property, the transaction purportedly involved a sham second mortgage held by Mr. Dodson's company.

In the government's supplemental filing, it identifies the following witnesses whose testimony will relate coconspirator statements to be admitted against Defendant under Rule 801(d)(2)(E):[4] Mr. Richichi (a statement by Mr. Gipson), *see* Suppl. Resp. [Doc. 85] at 2-3; Shawna Rhines (a statement by Mr. Dodson), *id*. at 3; Janie Cotton (a statement by Mr. Dodson), *id*.; and Michael Gipson (several statements by Ms. Tahir), *id*. at 4-5.

To show the admissibility of these statements under Rule 801(d)(2)(E), the government must establish by a preponderance of the evidence that (1) "'a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy.'" *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995) (*quoting United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994)); *see also See United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007). As to the third element, "[s]tatements by

---

[4] The supplemental filing was made in anticipation of a joint trial of Defendant and Ms. Tahir. Because only Defendant is proceeding to trial, and because any statements Defendant made are admissible against him under Rule 801(d)(2)(A), the Court here addresses only the other declarants.

a conspirator are in furtherance of the conspiracy when they are intended to 'promote the conspiratorial objectives.'" *Townley*, 472 F.3d at 1273 (quoting *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986)). "Such promotion occurs through statements that explain events of importance to the conspiracy in order to facilitate its operation, statements between coconspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy, and statements of a coconspirator identifying a fellow coconspirator." *Id.* (internal quotations and citations omitted).

Based on the testimony of IRS Special Agent Dave Mangan and evidence received at the hearing (Exhibits 1-26), the Court finds, by a preponderance of the evidence, that the conspiracy described in Count 1 of the Indictment existed. The declarants – Mr. Gipson, Ms. Tahir, and Mr. Dodson – and Defendant were all members of the conspiracy. Considering the substance of the statements, and evidence presented at the hearing regarding the financial transactions at issue, the Court finds that statements identified in the government's supplemental filing were made in the course of or in furtherance of the conspiracy. Through these statements, Mr. Gispon encouraged Mr. Richichi to participate in the scheme; Mr. Dodson explained to escrow managers at the title company (Ms. Rhines and Ms. Cotton) events of importance (release of the second mortgage); and Ms. Tahir's statements to Mr. Gipson facilitated the operation of the conspiracy.

Therefore, the Court finds that the out-of-court statements that the government intends to introduce at trial comprise coconspirator statements that are admissible against Defendant under Rule 801(d)(2)(E).

IT IS SO ORDERED this 6th day of April, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE