IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. CR-10-235-D |
| DERRICK REUBEN SMITH, | ) |
| Defendant. | ) |

## **ORDER**

On April 6, 2011, the defendant, Derrick Reuben Smith, again filed with the Clerk of Court numerous *pro se* filings, even though he is represented by appointed counsel.[1] Four of these filings – Mandatory Judicial Notice [Doc No. 101], Motion to Demand Opposing Counsel to Certify Charges [Doc. No. 103], Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon this Motion, etc. [Doc. No. 102], and Motion to Demand Trial by Jury [Doc. No. 104], are substantially identical to *pro se* filings by the defendant on March 30, 2011. The March 30 filings were stricken because the defendant was at that time represented by counsel, and the substantially identical filings submitted on April 6 are hereby stricken for the same reason.

Also filed by the defendant acting *pro se* on April 6, 2011, were an Affidavit of Truth [Doc. No. 99], Notice of Disqualification [Doc. No. 100], Challenge of Jurisdiction [Doc. No. 98], and Notice of Termination of Counsel [Doc. No. 105]. With the exception of the Notice of Termination of Counsel, which was construed as a request to waive counsel and appear *pro se*, these filings are also stricken as the defendant was represented by counsel at the time of their filing.

---

[1] A defendant has no right to hybrid representation. *See United States v. Chavis*, 461 F.3d 1201, 1205-06 (10th Cir. 2006).

In response to the Notice of Termination of Counsel, the Court attempted to conduct a *Faretta* inquiry on April 6, 2011.[2] Similar to the previous attempt to conduct the inquiry on March 30, 2011, it was not completed due to the defendant's conduct. Specifically, the April 6 inquiry broke down because the defendant was unwilling to state without equivocation that he is able and willing to abide by rules of procedure and courtroom decorum applicable to this case. *See United States v. Tucker*, 451 F.3d 1176 (10th Cir. 2006). Indeed, the attempted *pro se* filings, to the extent they can be understood, demonstrate the likely reason behind the defendant's hesitation: the filings purport to impose the defendant's own procedural rules on the proceedings, seek to require an affidavit from the prosecution regarding the constitutionality of the charges, seek to assert principles from the Uniform Commercial Code and provisions of the Nevada Constitution, and raise nonsensical challenges to the Court's jurisdiction, among other things.[3] Thus the Court concludes that the defendant's refusal to answer directly the Court's questions was a sort of cat-and-mouse exercise intended to deflect the inquiry because the defendant in fact has no apparent intention of abiding by the applicable rules of procedure and decorum, will continue to inject extraneous and irrelevant matter into the record, disrupt the orderly conduct of the proceedings, and attempt to achieve delay. The defendant's filings and last minute request for self-representation in this complex case in which skilled attorneys have been diligently working for months to prepare for trial is clearly a disruption and delay tactic designed to impede the orderly progress of the case.

---

[2]*Faretta v. California*, 422 U. S. 806 (1975).

[3]The defendant's filings mix case citations and references to the Constitution and other sources with pseudo-legal gibberish and are, to some degree, unintelligible.

The Notice of Termination of Counsel [Doc. No. 105], construed as a request to waive the right to counsel and proceed *pro se,* is denied. The trial will proceed as scheduled, with appointed counsel, Joseph L. Wells, representing the defendant.

IT IS SO ORDERED this 7th day of April, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE