IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-10-235-D |
| ) | |
| DERRICK REUBEN SMITH, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is the United States' Motion in Limine [Doc. No. 87], which seeks to prevent Defendant from introducing argument or evidence at trial suggesting that negligent conduct by mortgage lenders somehow excuses the fraudulent conduct charged in the Indictment. The government relies on authorities from other jurisdictions holding that the negligence of a fraud victim in failing to discover the fraudulent scheme is not a defense to a criminal fraud charge. *See*, *e.g.*., *United States v. Coyle*, 63 F.3d 1239, 1244 (3rd Cir. 1995). The Court's research confirms the soundness of this principle, which has been described as "well settled." *See United States v. Svete*, 556 F.3d 1157, 1167 (11th Cir. 2009).

In contrast, Defendant argues in opposition to the Motion only that he has a right to present a defense and a right under the Confrontation Clause to cross-examine the government's witnesses regarding relevant matters. He does not explain how any negligence by lenders in funding the residential mortgages is relevant to a trial issue, nor provide any legal authority for the proposition that the lenders' lack of diligence might constitute a defense to a charge in the Indictment.

While a criminal defendant has a constitutionally protected right of cross-examination, a trial court may impose reasonable limits on the scope of defense counsel's cross-examination of a

prosecution witness "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). It is only when a defendant is prevented from questioning the government's witnesses on "highly relevant topics" that reversible error occurs. *See United States v. Robinson*, 583 F.3d 1265, 1274 (10th Cir. 2009).

In this case, the Court is convinced that it should impose the requested limitation on Defendant's cross-examination of prosecution witnesses who are representatives of the mortgage lenders in the subject transactions. Any inquiry concerning their diligence, or lack thereof, in approving the mortgage loans would be irrelevant, or only marginally so, and would serve merely to confuse the jury concerning the issues they must decide. Further, Defendant has no right to argue or present a theory of defense that is unsupported by the law. Accordingly, Defendant should be prohibited from conducting such a cross-examination or presenting such arguments at trial. All other relevant areas of inquiry remain open to Defendant during cross-examination.

IT IS THEREFORE ORDERED that the United States' Motion in Limine [Doc. No. 87] is GRANTED. Defendant is prohibited from presenting argument or evidence and from cross-examining witnesses concerning any alleged negligence or lack of diligence by mortgage lenders in reviewing and approving the mortgage loan applications at issue.

IT IS SO ORDERED this 8th day of April, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE