IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | Case No. CR-10-235-D |
| DERRICK REUBEN SMITH, | ) | |
| Defendant. | ) | |

## ORDER OF CONTEMPT

In conformity with Fed. R. Crim. P. 42(b), I hereby certify that the following was committed in my presence and was seen and heard by me during court proceedings in the Case of *United States v. Derrick Reuben Smith*, CR-10-235-D, on April 6, 2011.

a) During the testimony of Kimberly Smith, the wife of the above-referenced defendant, Derrick Reuben Smith, a question regarding Ms. Smith's attempt to invoke her 5th Amendment rights required a bench conference after the jury was excused from the courtroom. Ms. Smith remained on the witness stand. During the bench conference Ms. Smith attempted to interject comments, and was instructed to hold her comments at that time.

b) As the bench conference with counsel continued, Ms. Smith again interjected, as reflected by the following exchange:

THE COURT: All right. Well, hold on. Since we're up here, let me see your grand jury testimony.

MR. WILLIAMS: Yes, sir. It's page 50 of the transcript.

(The Court reviewed the document.)

THE COURT: Okay. That deals with the question about whether she filed separately or not. You went on to ask her if she had listed any income on her tax return, and I think she refused to answer that question too.

MR. WILLIAMS: Well, I think I asked her whether she included any MP Service income, and she testifies here she just – –

THE COURT: Oh, right here. "When you filed, you just filed your income from the library?

"Yes."

MR. WILLIAMS: Correct. And, Judge, I don't believe any of that incriminates her – –

(The witness made inaudible comments.)

THE COURT: I don't – –

MR. WILLIAMS: – – separate from the issue.

THE COURT: Clearly, it doesn't. But she has already testified about it.

MR. WILLIAMS: I agree.

THE COURT: She can't now claim that she's got a Fifth Amendment right to refuse to testify when she answered the exact questions.

THE WITNESS: They wouldn't let me speak to my attorney at the grand jury. Every time I went out, they told me I couldn't – –

THE COURT: Ma'am, I am not talking to you.

THE WITNESS: Maybe I shouldn't talk to you.

THE COURT: Do you understand me, ma'am? I'm not talking to you at this time. Do you understand that? That is a yes or no question to you. Answer the question, ma'am.

THE WITNESS: What do you mean by "understand"?

THE COURT: Do you understand that I am presently not addressing you? Do you understand that? Yes or no.

2

THE WITNESS: (No response from the witness.)

THE COURT: Ma'am, do you understand me?

THE WITNESS: What do you mean by "understand"?

THE COURT: You know what I mean by "understand." I'm not talking to you right now. Is that clear to you? Yes or no.

THE WITNESS: You are not talking to me right now?

THE COURT: This conversation that I'm having with the attorneys does not involve you.

THE WITNESS: You are not – –

THE COURT: Do you understand?

THE WITNESS: You are having a conversation with attorneys and not with me?

THE COURT: Let me tell you something, ma'am. This is how this is going to go from here on out. When I ask you a question, I expect a direct and fair answer to my question. If you refuse to answer my questions, then I'm going to cite you for contempt. Do you understand me now? Yes or No?

And if you are cited for contempt, I can put you in jail until the contempt is vitiated. Do you understand me now? Yes or no? Answer the question, ma'am.

THE WITNESS: (No response from the witness.)

THE COURT: All right. I'm finding you in contempt of court, and we will deal with that – –

THE WITNESS: Where is my accuser?

THE COURT: – – issue later.

THE WITNESS: Is this criminal – –

THE COURT: I am – –

THE WITNESS: – – or civil?

THE COURT: I am finding you in contempt of court.

THE WITNESS: Is this criminal or civil?

THE COURT: Now, be quiet. Be quiet, ma'am.

All right. What other issues do we have?

c) Ms. Smith's comments to the Court were not genuine inquires, but were argumentative in tone, and her demeanor was disrespectful. At times during the above exchange, Ms. Smith sat mute, refusing to acknowledge a question or readily provide an answer.

Because of the foregoing conduct, which obstructed and disrupted the Court in its administration of justice, and interfered with the orderly conduct of the proceedings, I fined Kimberly Smith $300.00, to be paid at or before 5:00 p.m., April 14, 2011. Ms. Smith was informed that if she fails to pay the fine as required, the Court may take other measures, which could include confinement, as appropriate.

IT IS SO ORDERED this 14th day of April, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE